Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Smart Fleet LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART FLEET LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>MOBSAFETY INC.,<br><br>  Defendant. | Case No:<br>CIVIL ACTION<br><br>**COMPLAINT &**<br>**JURY TRIAL DEMAND** |

Plaintiff, Smart Fleet LLC ("Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, Mobsafety Inc. ("Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation having its principal place of business at 2517 Highway 35, Building G, Suite 201, Manasquan, New Jersey 08736.

2. On information and belief, Defendant is a Canadian limited liability company with its principal place of business at #1400 – 1055 W. Hastings Street, Vancouver, British Columbia V6E 2E9.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims alleged pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331, and also has jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims alleged are so related to the claims over which the Court has original jurisdiction that they form part of the same case.

4. This Court has personal jurisdiction over Defendant in that it regularly targets this jurisdiction for its business activities and conducts business in this jurisdiction, and the claims asserted by Plaintiff arise out of Defendant's activities in this jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## NATURE OF THE CLAIMS

6. This case arises out of Defendant's willful infringement of Plaintiff's SMARTFLEET trademark. Despite having received a cease and desist letter from Plaintiff and having had its application to register "SmartFleet" with the United States Patent and Trademark Office ("USPTO") denied as a result of Plaintiff's priority-based challenge, Defendant continues to use "SmartFleet" to market its goods and services and compete directly with Plaintiff. Accordingly, Plaintiff asserts claims against Defendant for federal and state statutory trademark infringement and unfair competition.

## FACTS

1. Plaintiff is a successful company engaged in the sale of Global Positioning Satellite ("GPS") fleet management services.

2. Since at least as early as 2008, Plaintiff has continuously used the mark SMARTFLEET on or in connection with automated vehicle tracking and vehicle fleet management services, namely, vehicle fleet tracking services utilizing GPS location tracking

capabilities and communications technologies to provide real time vehicle location information, including detailed maps, images and addresses showing where vehicles are and have been.

3. Plaintiff is the owner of the following U.S. trademark registration for the SMARTFLEET Mark:

| | |
|---|---|
| **Mark:** | SMARTFLEET |
| **Registration No.:** | 4741777 |
| **Filed:** | January 29, 2014 |
| **Registered:** | May 26, 2015 |
| **Goods/Services:** | *Automated vehicle tracking and vehicle fleet management services, namely, vehicle fleet tracking services utilizing GPS location tracking capabilities and communications technologies to provide real time vehicle location information, including detailed maps, images and addresses showing where vehicles are and have been*, in International Class 35 |

7. The SMARTFLEET Mark is well-known and respected by customers and consumers and represents Plaintiff's commitment to providing high-quality services. SMARTFLEET is a nationally recognized brand used by customers across the United States to track over 4000 vehicles. As a result of Plaintiff's widespread use and promotion of the SMARTFLEET Mark, Plaintiff acquired extensive and valuable common law rights in SMARTFLEET long prior to registration of the mark.

8. Plaintiff's SMARTFLEET mark is symbolic of the goodwill and consumer recognition built up by Plaintiff through significant advertising, use, promotion, marketing, and customer awareness of its SMARTFLEET mark.

9. The SMARTFLEET mark has a high degree of distinctiveness and serves to

distinguish Plaintiff and its services from the services of others.

10. The SMARTFLEET mark is strong and inherently distinctive with respect to its use in connection with the services offered by Plaintiff.

11. Defendant is a Canadian software company that provides vehicle tracking software, hardware and related services under the trademark "SmartFleet."

12. On October 1, 2013, Defendant filed a use-based application for registration of "SmartFleet" for "Tracking, locating and monitoring of vehicles, maritime vessels and aircraft services for commercial purposes" in International Class 35.

13. Defendant's date of first use in commerce alleged in its application was September 25, 2013.

14. Plaintiff has continuously used the SMARTFLEET mark in commerce since at least as early as 2008 and therefore had and has priority over Defendant with respect to the use of SMARTFLEET.

15. On May 13, 2014, Plaintiff sent Defendant a letter identifying Plaintiff's superior trademark rights and demanding that Defendant withdraw its application to register "SmartFleet" and cease using "SmartFleet" as a trademark.

16. Defendant did not respond to the May 13, 2014 letter, nor did it respond to subsequent voicemail messages left for Defendant's CEO on July 15 and August 14, 2015.

17. On September 9, 2014, Plaintiff filed a Notice of Opposition to Defendant's application to register "SmartFleet" with the USPTO.

18. On December 16, 2014, the USPTO sustained Plaintiff's opposition to Defendant's attempt to register "SmartFleet" and denied Defendant registration of the mark.

19. Despite having received Plaintiff's cease and desist letter and voicemail messages, and having had its application to register the mark rejected by reason of Plaintiff's

opposition, Defendant continues to use "SmartFleet" to compete against Plaintiff for customers in the vehicle tracking services industry in the United States.

20. Defendant's use of "SmartFleet" is likely to cause confusion among consumers as to the affiliation, connection or association between the parties, and as to the origin, sponsorship or approval of the parties' respective services. Further, Defendant's use of "SmartFleet" has the tendency to mislead customers into believing that the goods and services sold by Defendant under the "SmartFleet" mark are from Plaintiff or are from, endorsed by or sponsored by Plaintiff.

21. Defendant's use of "SmartFleet" has resulted in actual confusion on the part of consumers. Defendant's goods and services are sold, at least in one instance, through a reseller or agent in Florida that operates under the name "SmartFleet" and provides an online web link to Defendant's website. Plaintiff recently received a call from a potential customer in Florida who apparently was attempting to contact Defendant through its Florida representative and had confused Plaintiff with "SmartFleet" in Florida.

22. Defendant's foregoing conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling Plaintiff to an award of enhanced damages and reasonable attorney's fees.

23. Defendant has been unjustly enriched through its willful and deceptive use of Plaintiff's trademark, and has traded on and injured Plaintiff's goodwill in the SMARTFLEET mark.

24. The acts of Defendant described herein have been and continue to be in bad faith and conscience, in deliberate disregard of Plaintiff's rights, and with the intention of harming

5

Plaintiff to the benefit of Defendant. Through the foregoing conduct described in this Complaint, Defendant has acted in wanton and willful disregard of Plaintiff's rights such that Plaintiff is entitled to an award of punitive damages.

**COUNT I**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

25. Plaintiff restates and realleges the allegations of paragraphs 1-24 as if fully set forth herein.

26. Defendant has used a trademark that is confusingly similar to Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

27. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered trademark.

28. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff.

29. Accordingly, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees and costs under 15 U.S.C. §§ 1114, 1116 and 1117, along with any other relief the court deems just.

**COUNT II**
**(Federal Unfair Competition – 15 U.S.C. § 1125(a))**

30. Plaintiff restates and realleges the allegations of paragraphs 1-29 as if fully set forth herein.

31. Defendant has made false representations, false descriptions, and false designations of origin of their goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

32. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trademarks.

33. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff.

34. Accordingly, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees and costs pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117, along with any other relief the court deems just.

## COUNT III
### (State Law Unfair Competition)

35. Plaintiff restates and realleges the allegations of paragraphs 1-34 as if fully set forth herein.

36. Through the foregoing conduct, Defendant has committed state statutory and common law unfair competition.

37. Accordingly, Plaintiff is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees, costs, punitive damages and any other relief the court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

I. That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to cease making or employing any statements, words or symbols that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services or commercial activities by Plaintiff

II. That Plaintiff obtain the following relief:

A. An accounting and disgorgement of all profits Defendant has gained through the use of the "SmartFleet" trademark in competition with Plaintiff;

B. Compensatory damages in an amount to be determined at trial;

C. Treble damages;

D. Reasonable attorneys' fees and costs;

E. Punitive damages pursuant to state law in an amount sufficient to deter future deceptive conduct on the part of Defendant or others similarly situated, but in no event less than $5,000,000; and

F. Any other relief in Plaintiff's favor that the court deems just and proper.

Dated: October 16, 2015                     Respectfully submitted,

                                            The Law Office Of
                                            JASON B. LATTIMORE, ESQ. LLC

                                            By  s/ Jason B. Lattimore
                                                Jason B. Lattimore
                                                55 Madison Avenue, Suite 400
                                                Morristown, NJ 07960
                                                Telephone: (973) 998-7477

Facsimile:  (973) 264-1159

*Attorneys for Plaintiff*
*Smart Fleet LLC*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: October 16, 2015			Respectfully submitted,

						The Law Office Of
						JASON B. LATTIMORE, ESQ. LLC

						By  s/ Jason B. Lattimore
						    Jason B. Lattimore
						    55 Madison Avenue, Suite 400
						    Morristown, NJ 07960
						    Telephone: (973) 998-7477
						    Facsimile:  (973) 264-1159

						*Attorneys for Plaintiff*
						*Smart Fleet LLC*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding. The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter.

Dated: October 16, 2015

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Facsimile:  (973) 264-1159

*Attorneys for Plaintiff*
*Smart Fleet LLC*